## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80108-cr-Rosenberg/Reinhart

**18 U.S.C. § 1957**
**18 U.S.C. § 982(a)(1)**

**UNITED STATES OF AMERICA**

v.

**LAWRENCE WEISBERG,**

   **Defendant.**

_____/

> FILED BY ___ _SP_ ___
>
> *May 29, 2018*
>
> STEVEN M. LARIMORE
> CLERK U.S. DISTRICT CT.
> S.D. OF FLA. West Palm Beach

## INFORMATION

The United States Attorney charges that:

## COUNT 1

On or about April 7, 2016, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### LAWRENCE WEISBERG,

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, that is, the deposit of Smart Lab Inc.'s check number 2271 in the approximate amount of $41,234.41 into Bank of America account number XXXXXXXX8562, which was controlled by the defendant, and such property having been derived from specified unlawful activity; in violation of Title 18, United States Code, Sections 1957 and 2.

It is further alleged that the specified unlawful activity was health care fraud and conspiracy to commit health care fraud, in violation of Title 18, United States Code, Sections 1347 and 1349.

## FORFEITURE

1.     The allegations contained in Count 1 of this Information are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **LAWRENCE WEISBERG,** has an interest.

2.     Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in Count 1 of this Information, the defendant, **LAWRENCE WEISBERG**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offenses and any property traceable to such property, including, but not limited to, approximately $41,234.41 in United States currency.

3.     If the property described above as being subject to forfeiture, as a result of any act or omission of **LAWRENCE WEISBERG,**

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to or deposited with a third party;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of **LAWRENCE WEISBERG,** up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

A. MARIE VILLAFAÑA
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

LAWRENCE WEISBERG,

Defendant.

_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| Miami _____ | Key West _____ | |
| FTL ___ | WPB __X__ | FTP ___ |

New Defendant(s)          YES _____          NO _____
Number of New Defendants          _____
Total number of counts          _____

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No)        __No__
     List language and/or dialect        _____

4.   This case will take        __3-5__        days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                                (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | __X__ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | | | |

6.   Has this case been previously filed in this District Court? (Yes or No)   __No__
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No)   __No__
If yes:   Magistrate Case No.        _____
Related Miscellaneous numbers:        _____
Defendant(s) in federal custody as of        _____
Defendant(s) in state custody as of        _____
Rule 20 from the        _____
District of        _____

Is this a potential death penalty case? (Yes or No) _____Yes        __X__ No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?        _____ Yes        __X__ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?        _____ Yes        __X__ No

_____
A. Marie Villafana
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0018255

*Penalty Sheet(s) attached                                REV.9/11/07

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name:**   <u>**LAWRENCE WEISBERG**</u>

**Case No:** _____

Count #: 1

  18 U.S.C. § 1957

  Money Laundering in Excess of $10,000

\* **Max.Penalty**: 10 Years' Imprisonment; 3 years' Supervised Release; $250,000 Fine or twice the amount of the criminally derived property involved in the transaction; criminal forfeiture; $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**CASE NUMBER:** _____

### BOND RECOMMENDATION

DEFENDANT: LAWRENCE WEISBERG _____

Personal Surety Bond Of $100,000 Co-Signed by Wife
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   Marie Villafana

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  18-80108-cr-Rosenberg/ |
| Lawrence Weisberg, | ) | Reinhart |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Brian Bieber, Esq.
*Printed name of defendant's attorney*

_____
*Judge's signature*

DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE
*Judge's printed name and title*